1
2
3                          UNITED STATES DISTRICT COURT
4                                DISTRICT OF NEVADA
5                                       * * *
6   NICHOLAS FRANK WILCOX,                    Case No. 3:23-cv-00457-MMD-CLB
7                          Petitioner,                        ORDER
8        v.
9   TIM GARRETT, et al.,
10                        Respondents.

11          *Pro se* Petitioner Nicholas Frank Wilcox filed a Petition for Writ of Habeas Corpus

12  under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) This Court conducted an initial review

13  of the Petition and ordered Wilcox to show cause why the Petition should not be dismissed

14  as untimely. (ECF No. 3.) Wilcox timely responded to the order to show cause. (ECF No.

15  4.) The Court now determines that the Petition is untimely, warranting its dismissal.

16  **I.      BACKGROUND**[1]

17          Wilcox challenges a conviction and sentence imposed by the Eighth Judicial

18  District Court for Clark County. *State of Nevada v. Nicholas Wilcox*, C-14-298701-2 (Nev.

19  Dist. Ct. Mar. 9, 2018). On March 9, 2018, the state court entered a judgment of

20  conviction, under a guilty plea, convicting Wilcox of two counts of child abuse, neglect, or

21  endangerment. Wilcox was sentenced to an aggregate term of 124 months to 312

22  months. Wilcox did not appeal, and he did not file a state post-conviction petition. Rather,

23  on October 13, 2022, Wilcox filed a motion to correct his sentence. The state court denied

24

25          [1]Judicial notice is taken of the docket records of the Eighth Judicial District Court
26  and Nevada appellate courts, which are accessible at
    https://www.clarkcountycourts.us/portal                                  and
27  http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

28                                          1

the motion, Wilcox appealed, and the Nevada Court of Appeals affirmed on May 8, 2023. *Nicholas Frank Wilcox v. State of Nevada*, No. 85707-COA, 2023 WL 3324985 (Nev. Ct. Apps. May 8, 2023).

## II.    LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). No statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *See Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

## III.    DISCUSSION

Wilcox's conviction became final on the date on which the time for seeking direct review expired: April 9, 2018. *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). The federal statute of limitations thus began to run the following day: April 10, 2018. Accordingly, the limitations period expired 365 days later on April 10, 2019. Although Wilcox filed a motion to correct his sentence

2

on October 13, 2022, it was filed after the AEDPA clock had already expired. As such, Wilcox's motion to correct his sentence could not have tolled an already expired limitations period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, Wilcox filed his Petition four years and five months after the AEDPA limitation period expired.

In his response to the order to show cause, Wilcox argues that the state district court lacked subject matter jurisdiction over his criminal case, and because subject matter jurisdiction can never be forfeited or waived, his Petition "is not subject to the statute of limitations in AEDPA." (ECF No. 4 at 2, 5.) Specifically, Wilcox contends that NRS § 171.010, the statute giving Nevada state district courts their jurisdictional authority, was nullified in 1957 when the Nevada Legislature enacted the Nevada Revised Statutes and invalidated all preexisting statutes, including NRS § 171.010, so the state district court did not have subject matter jurisdiction over him. (*Id*. at 4.) Alternatively, Wilcox contends that this Court should exercise its discretion to entertain his Petition given his novel subject matter jurisdiction argument. (*Id*. at 5 (citing *Reed v. Ross*, 468 U.S. 1 (1984) ("[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures.").) This Court finds that these arguments lack merit.

First, regardless of NRS § 171.010, the Nevada state district court had jurisdiction over Wilcox's underlying criminal case under the Nevada Constitution. *See* NEV. CONST. art. VI, § 6. Second, NRS § 171.010 does not address the state district court's jurisdiction; rather, it provides criminal liability for persons committing offenses within Nevada. Third, Wilcox's argument that the Nevada state courts lack jurisdiction under NRS § 171.010, which is also the basis of his Petition, presents an issue of state law, but "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Finally, Wilcox's reliance on *Reed v. Ross* is misplaced. In *Reed*, the Supreme

3

Court held that a novel constitutional claim may establish cause to overcome a procedurally defaulted claim. 468 U.S. at 11. This holding in *Reed* does not apply to a time-barred petition.

## IV. CONCLUSION

It is therefore ordered that this action is dismissed with prejudice as time barred. A certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

It is further ordered that the motion to proceed *in forma pauperis* (ECF No. 1) is granted.

It is further ordered that the motion for order to show cause (ECF No. 4) is denied.

It is further ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1); (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents;[2] (3) provide the Nevada Attorney General with copies of the Petition (ECF No. 1-1), this order, and all other filings in this matter by regenerating the notices of electronic filing; (4) enter final judgment dismissing this action with prejudice; and (5) close this case.

DATED THIS 12th day of October 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]No response is required from Respondents other than to respond to any orders of a reviewing court.

4